Per curiam.

(Bay, Johnson. Trezevant, and Bkevard, Justices; absent, Guimke, J. and Watiics,J.)
The common law,by which writs were reiurnable on a day in term, was altered here by A. A., which made them returnable some days before the meeting of the court, to which the defendant was required to appear. Tbe act of 1792 appears to have been intended to validate the service of such writs as might be lodged in due time for service before the return day, but which might not be served until alter the return day has passed, so as to make the writ and service good for the next succeding court, at which the defendant shall be bound in such case to enter his appearance : nevertheless, it may be well construed to extend to cases like the present, so as to validate writs issued after the time limited for the return of writs for the next court after the issuing of the same ; in order to allow a party entitled to sue, the privilege of suing immediately. Indeed, to decide that he should not do so until the meeting of the court; and that there was any period of time, however short, during which his right to bring his action is suspended, would bo contrary to the *251 first principles of law, and to the principles of the constitution. The act of 1799 alters the act of 1791, and requires that writs shall be made returnable fifteen days before the next court after they issue, instead of thirty. The act of 1792 is certainly as applicable to the one, as to the other. The inconvenience arising under the one act is as proper to be relieved against, as that which arose under the other, and is of the same nature. The alteration of the act of 1791 did not remove the inconvenience, but only lessened it. But independent of this, the act of 1792 ought to have a free and general construction, and not be confined to its supposed relation to the act of 1791, or any preceding act. This act, then, must betaken to have abolished that rule of the common law, which forbids a term to intervene in the return of writs of mesne process. Where the necessity and the justice of the case demands it, a court may be looknd over, as in this case, and the writ made returnable to the next succeeding court. Yet if the writ had been made returnable to the last'return day, though past, we should have deemed it regular, by an equitable construction of the act of 1792 ; lor although the writs should be lodged for service after the return day had elapsed, yet no apparent absurdity and impossibility could be seen in the writ itself, being tested of the last term. The court was therefore of opinion, that either way of making writs returnable in cases similar to the present, will be regular and proper ; and the decision of the district court was reversed.